# WATERALL & COMPANY·

## *v.*

# STRAYER.

# RE PETITION OF NIAGARA SPRAYER COMPANY.

San Juan, Equity, No. 988.

VENDOR'S LIEN UNDER LOCAL LAW.

Lien—Preference.

1. The preference of the Civil Code has been held to be substantially the same as the lien of the common law.

Receivership—Contracts.

2. The receiver is not bound by a contract of the original owners, and may within a reasonable time adopt or disaffirm it. On adoption he holds the property subject to existing rights; if he affirms, he is bound to nothing except to return the property if ·in his possession.

Preference—Civil Code, § 1823.

3. Section 1823 of the Civil Code declares a preference in favor of the seller against specific personal property up to the purchase price, and this remains where the receiver changes the form of the property by converting it into money. Secus if the receiver has paid the money over to creditors.

Opinion filed November 19, 1917.

*Mr. H. G. Molina* for petitioner.

*Mr. Frank Antonsanti* for receiver.

HAMILTON, Judge, delivered the following opinion:

In this matter the master has reported against the claim of the Niagara Sprayer Company to a lien or preference, and

Waterall & Co. v. Strayer.

that creditor files an exception. The facts are not fully shown, but they do not seem to be contested. As found by the master, it seems that, before the receivership, Strayer ordered from the petitioner herein goods amounting to $402, and the goods were shipped and arrived about the 1st of January last, and at the request of the petitioner were stored by the steamship company. Meantime the receiver was appointed herein, and about the 18th of January the receiver, having the bill of lading, obtained possession of the goods, and, before the filing of this petition, sold them, and the proceeds became a part of the general receivership fund. The amount is not shown, but it exceeded the $402. Petitioner does not claim the goods in specie, for they did not exist in specie at the time of its petition, but claims that it had a lien or preference upon the goods under § 1823 (1) of the Porto Rico Civil Code, and that this is carried to the proceeds of sale in the hands of the receiver.

1. It has been settled by previous decisions of this court that, while the word "lien" is not known to the Civil Law, the word and right of "preference" contained in the Civil Code confers the same rights. Re Del Pilar Hermanos, 8 Porto Rico Fed. Rep. 605; Welch v. Central San Cristobal, 7 Porto Rico Fed. Rep. 205.

2. The matter of receivership has been before this court so frequently in the past few years in connection particularly with sugar centrals that not only are its principles well known, but features peculiar to Porto Rico have been worked out. There seems to be no question, for instance, that, while a receiver is not bound by the contracts of the original owner or defendant, he may within a reasonable time either adopt or disaffirm such contract. If he adopts it, he takes or retains the property

Watcrall & Co. v. Strayer.

subject to whatever may be the rights and equities of the parties concerned. If he disaffirms it, he is not bound to do anything except return the property if in his possession. Welch v. Central San Cristobal, 7 Porto Rico Fed. Rep. 195, 205.

3. It has also been decided that the preferences declared by § 1823 of the Civil Code are in general valid and will be enforced in receivership. The question has come up in connection with several of the preferences so declared, and the principle may be regarded as well established without the necessity for a formal declaration that every preference mentioned in that section and neighboring sections is enforceable. A vendor's lien does not exist at common law upon personal property. Even under the civil law, encumbrances which are not registered in the registry of property are not enforceable as against third parties, even on real property. Nevertheless § 1823 is just as much a part of the civil law as the Mortgage Law is, and it expressly declares a preference in favor of a seller against specific personal property to the extent of the purchase price, and this is to be enforced. This principle is not disputed, but it is urged in the first place that the receiver had not this specific property at the time that the petition was filed. He had this specific property at one time, and took it subject to whatever rights the vendor or other creditor had. In the case at bar this was the right to be paid the purchase price out of the specific property, and this right or preference or lien on the goods existed while the goods were in the receiver's possession. Is this right or lien to be considered lost because the receiver changes the form of the goods by converting them into money? Do other creditors, to put it differently, acquire a right of this kind over against the vendor by the mere act of the receiver?

A man cannot take advantage of his own wrong, and this applies just as truly to the persons for whom the man is agent. In the case at bar there was no moral wrong, for the receiver doubtless thought he was exercising his legal rights; but it was a change in the form of the property, which is now contended to have changed the rights of the original vendor, and there is no other allegation and no showing that this was either assented to by the vendor or that the vendor is to be considered as guilty of negligence or laches. On the whole it seems that the only advantage which the receiver should be allowed to get from such conversion is the excess between the price of the goods as bought and as sold. As this is not claimed by the petitioner, the question need not be considered, and as to this surplus, whatever it may be, the parties should be left where they were. In other words, the receiver cannot take advantage of the conversion of form made by himself, and an order will be entered for the payment to the Niagara Sprayer Company of the amount of the purchase price of the goods in question.

The rule would be different if the receiver had already paid over the money in his hands to creditors, for then the present application would come too late. It is not shown, however, that the receiver has paid any claims that conflict with that of the Niagara Sprayer Company, and the reports of the receiver on file show that he has always had a great deal more than the $402 on deposit. He, having commingled this money with the general fund, cannot take advantage of that fact on behalf of other creditors. If any presumption be necessary in the premises, he will be presumed always to have had this $402 on hand.

An order will be entered, therefore, reversing the finding of

Waterall & Co. v. Strayer.

the master and declaring a lien or preference in favor of the Niagara Sprayer Company to the extent of the purchase price of these goods; to wit, $402.

It is so ordered.